GEORGE LUTON v. JAMES E. SHARP AND MARY A.
SOPER.

*Attorney and client—Notice—Execution sale—Bona fide purchaser*
*—Conclusiveness of officer's return.*

1. While it is true that notice to the agent is notice to the princi-
pal, yet the knowledge of the principal cannot be imputed to
the agent with respect to a matter in which the latter is act-
ing in his own interest.

2. The return of a sheriff of the levy of an execution on real
estate, for want of goods or chattels whereof the damages and
costs could be made, cannot be questioned in an action of
ejectment brought by a purchaser at the execution sale, for
value and without notice, against a prior grantee of the exe-
cution debtor, whose deed was not recorded until after the
sale.

Error to Newaygo.   (Palmer, J.)   Argued November 30,
1892.   Decided December 22, 1892.

Ejectment.   Defendants bring error.   Affirmed.   The
facts are stated in the opinion.

*W. D. Fuller,* for appellants.

*E. L. Gray,* for plaintiff.

McGRATH, C. J.    This is ejectment.

On April 9, 1890, Daniel E. Soper was the owner in
fee of the lots in question, and on that date conveyed the
same by warranty deed to Mary A. Soper, his wife, but

said deed was not recorded until May 11, 1891. On June 14, 1890, an execution in favor of plaintiff's assignor, and against the goods and chattels, lands and tenements, of Daniel E. Soper, was levied upon the right, title, and interest of said Soper in said lots, and on the same day a notice of levy was filed with the register of deeds, but at the time of the filing of said notice the execution creditor had no personal actual notice of the execution of said deed to Mary A. Soper. A sale was made September 5, 1890, and a certificate of sale issued to plaintiff's assignor. Plaintiff here was the attorney for the execution creditor in the suit in which the execution issued, and took an assignment of the certificate of sale on April 1, 1891, the consideration named therein being $520, and a sheriff's deed was afterwards executed to him. It is not claimed that plaintiff had notice of defendant's claim of ownership, or that he is not a purchaser for value. He testifies that he had no knowledge of defendant's claim until April 6, 1891, and defendant's deed was not recorded until May 11, 1891. The case was heard by the court, and plaintiff had judgment. The record presents no findings.

Defendants excepted to the refusal of the court to consider testimony offered by defendants tending to show (a) that the sheriff was notified that the property belonged to defendant Mary A. Soper, and (b) that Daniel E. Soper had personal property subject to execution sufficient to satisfy the judgment.

The statute (Act No. 227, Laws of 1889) provides that—

"No levy by execution on real estate, made after this act shall take effect, shall be valid against *bona fide* conveyances made subsequent to such levy, until a notice thereof, containing the names of the parties to the execution, a description of the premises levied upon, and the date of such levy, shall be filed by the officer making the same, in the office of the register of deeds of the county where the premises are situated, and such levy shall be a

lien thereon from the time when such notice shall be so deposited; and the lien thus obtained shall, from the filing of such notice, be valid against all prior grantees and [mortgagees] mortgages of whose claims the party interested shall not have actual nor constructive notice."

It is unnecessary to determine whether the knowledge of the sheriff who receives an execution is chargeable to the plaintiff in the execution, in whose interest the sheriff acts. Plaintiff here must be regarded as though the purchaser at the execution sale for value and without notice. While it is true that notice to the agent is notice to the principal, yet the knowledge of the principal cannot be imputed to the agent with respect to a matter in which the latter is acting in his own interest.

The return of the sheriff recites that defendant had no goods or chattels whereof the damages and costs could be made. The return cannot be questioned in this proceeding. Freem. Ex'ns, § 279.

The judgment is affirmed.

The other Justices concurred.